JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 21 1985

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 638

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SANTA FE INTERNATIONAL CORPORATION SECURITIES LITIGATION

ORDER DENYING TRANSFER

This litigation consists of three actions pending in two federal districts: one action in the Northern District of California and two actions in the Southern District of New York. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by Darius N. Keaton (Keaton), a defendant in the California action and in one New York action, to transfer the California action to the Southern District of New York for coordinated or consolidated pretrial proceedings with the New York action pending against Keaton and claims in the second New York action relating to defendant Faisal Al Massoud Al Fuhaid (Al Fuhaid). Three California defendants favor transfer. The New York and California plaintiffs oppose transfer; if the Panel deems transfer appropriate, these plaintiffs favor the Southern District of New York and the Northern District of California, respectively, as transferee forum. Defendant Al Fuhaid does not oppose transfer of the California action to the Southern District of New York, but he objects to the severance of the Al Fuhaid claims from the second New York action to be included in any centralized pretrial proceedings.

On the basis of the papers filed,[1/] the Panel finds that Section 1407 transfer would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. Given the relatively few number of actions before us, movant has failed to persuade us that any common questions of fact involved in these actions are sufficiently complex, and that the accompanying discovery will be so time-consuming, as to justify Section 1407 transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F.Supp. 543, 544 (J.P.M.L. 1969). We point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1981).

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

1/ The parties waived oral argument and accordingly the question of transfer in this docket was submitted on the briefs. Rule 14, R.P.J.P.M.L., 89 F.R.D. 273, 283-84 (1981).

SCHEDULE A

<u>MDL-638 -- In re Santa Fe International Corporation Securities Litigation</u>

<u>Northern District of California</u>

<u>William A. Charles, et al. v. Darius N. Keaton, et al., C.A. No. C-84-6320(WHO)</u>

<u>Southern District of New York</u>

<u>Richard James French, et al. v. Darius N. Keaton, et al., C.A. No. 84-Civ-6811</u>
<u>Richard James French, et al. v. Faisal Al Massoud Al Fuhaid, et al., C.A. No. 84-Civ-1745</u>